RECEIPT #_____
AMOUNT $ 150 credit card
SUMMONS ISSUED yes
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 3/11/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x

JOHN R. LAYTON,

04  10500  EFH

Plaintiff,

COMPLAINT

-against-

Civil Action No.

DEUTSCHE INVESTMENT MANAGEMENT
AMERICAS, INC.

TRIAL BY JURY REQUESTED

MAGISTRATE JUDGE Bowler

Defendant

-----------------------------------------------------------x

Plaintiff, John Layton, by his attorneys, Lisa M. Luchetti, Esq. and John K. Weir

Law Offices, LLC, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1.    This Complaint concerns the unlawful actions of Defendant Deutsche Investment

Management Americas, Inc. (hereinafter "Defendant" or "DIMA"). Defendant subjected

Plaintiff to age discrimination when it unlawfully terminated his employment. At the time of

Plaintiff's termination, Defendant offered Plaintiff a proposed severance agreement. Plaintiff

signed and accepted the agreement, however, Defendant failed to make the payment to Plaintiff

as required under the agreement. Defendant failed to comply with the Older Workers Benefit

Protection Act (hereinafter "OWBPA") by failing to include a complete and accurate list and

description of the other employees age 40 and over whose employment was terminated by

Defendant at or about the same time Plaintiff's employment was terminated. Defendant

misrepresented such information in order to induce Plaintiff to sign the severance agreement

which included a general release of legal claims in favor of Defendant. Defendant's conduct

constitutes age discrimination, breach of the implied covenant of good faith and fair dealing, breach of contract, and fraudulent misrepresentation.

JURISDICTION AND VENUE

2.      This Court has jurisdiction over the matter pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq., and 28 U.S.C. § 1331, 1343(a)(4).

3.      Venue in this District is proper because the unlawful employment practices of which Plaintiff complains occurred within this District, as required by 28 U.S.C.§ 1391, because a substantial part of the other acts and transactions complained of occurred in this District, and DIMA maintains offices and conducts business in this District. Venue in this District is proper under the state law claims pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the District.

PARTIES

4.      Plaintiff is an individual residing at 26 Longmeadow Drive, Westwood, Massachusetts 02090.

5.      Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 345 Park Avenue, New York, New York 10154.

6.      Defendant is a leading international investment management organization and a subsidiary of Deutsche Bank A.G., a corporation organized under the laws of Germany ("Deutsche Bank").

7.      Defendant was, and is, at all times herein mentioned, responsible as an employer for the acts of its supervisors, agents and employees, and more particularly, for the acts of its

directors, executives, management and supervisors responsible for Defendant's compliance with anti-discrimination laws.

8.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Massachusetts, and has continuously employed at least 20 employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      Plaintiff duly and timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 15, 2003.  More than 180 days have passed from the filing of the Charge.  On December 18, 2003, the EEOC issued a Right to Sue Letter which the Plaintiff received permitting the Plaintiff to commence an action under the Age Discrimination in Employment Act (hereinafter "ADEA").  A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

10.     Plaintiff has fulfilled all conditions precedent to the institution of this action, and has filed this Complaint within ninety (90) days from receipt of the Right to Sue Letter from the EEOC.  Plaintiff has duly exhausted all available administrative remedies.

## ALLEGATIONS COMMON TO ALL CLAIMS

11.     Plaintiff's date of birth is September 1, 1954.

12.     Plaintiff received his Bachelor of Arts degree from Kenyan College and a Master's degree in Education from the University of Michigan.

13.     Plaintiff was an employee of Zurich Scudder Investments, Inc. (hereinafter "Scudder") beginning in 1994.

14.     During Plaintiff's tenure with Scudder, he received raises and bonuses in every year of his employment, and was repeatedly told by his supervisors, Messrs. Reiss and Hartman, that he was on a top-management career track.

3

15. In or about April 2002, Scudder was acquired by Deutsche Bank. At or around this time, Scudder changed its corporate name to "Deutsche Investment Management Americas, Inc."

16. Both prior to, and following, Deutsche Bank's acquisition of Scudder, Plaintiff worked as a Managing Director in the Private Clients Group which performed quite well financially for both Scudder and DIMA.

17. Of the seven individuals in this group who had their own portfolios or "books of business", Plaintiff's "book of business" was the second largest (350 accounts), while the smallest "book of business" of the individuals in this group was well under 100 accounts.

18. Despite his substantial "track record" on significant accounts, and despite assurances from his supervisors that Plaintiff would, if he chose to do so, be able to continue to have a career at DIMA, on or about November 19, 2002, Plaintiff was summoned abruptly to a meeting with Mr. G. West (Westy) Saltonstall and Mr. David Denaro, and advised that his job position was being "eliminated".

19. At this time, a confidential letter from Mr. Saltonstall to Plaintiff was delivered to Plaintiff which stated that "the restructuring within PIC-Investment Advisory has resulted in your position being eliminated", with effective date of November 29, 2002.

20. Attached to the above-described letter from Mr. Saltonstall was a proposed severance agreement whereby, in exchange for Plaintiff releasing his legal claims against Defendant, Defendant offered a "Special Performance Incentive" payment in the amount of $244,014.00.

21. The above-described release failed to comply with OWBPA by failing to include a complete and accurate list and description of the other employees age 40 and over whose

employment was terminated by Defendant at or about the time Plaintiff's employment was terminated, and thereby invalidates and precludes the enforceability of such release.

22.    Defendant failed to provide the correct and accurate information regarding its termination of other older persons in order to induce Plaintiff to sign the general release of claims contained in the severance agreement.

23.    On December 31, 2002, Plaintiff signed and returned to Defendant the severance agreement, crossing out two provisions which limited his post-termination ability to seek or obtain future business from his former clients or customers, which he both wanted and needed to do in light of the unwarranted and abrupt termination of his DIMA career, and his intent and financial need to continue working.

24.    The two provisions modified by Plaintiff constituted a major restriction on his ability to continue to do business with his long-standing customer accounts, and DIMA had had prior notice of Plaintiff's objection to such restrictions and had not required Plaintiff to be bound by such restrictions.

25.    Defendant has failed to make any payment as required under the severance agreement, and has failed to negotiate the minor modifications Plaintiff made to the severance agreement to make those terms consistent with the past understanding between Defendant and Plaintiff with regard to those matters.

## COUNT ONE

(Violation of Age Discrimination in Employment Act, 29 U.S.C. § 623)

26.    Plaintiff repeats and realleges Paragraphs 1 through 25 above as though fully and completely set forth herein.

5

26.    On November 19, 2002, Plaintiff was forty-nine years old.

27.    At all relevant times, Plaintiff met Defendant's legitimate job performance expectations.

28.    Defendant unlawfully engaged in discriminatory practices against Plaintiff based upon age by terminating Plaintiff under the circumstances described above.

29.    Defendant did not treat age neutrally in making its decision to terminate Plaintiff, and age was a substantial motivating factor in Defendant's decision to terminate Plaintiff.

30.    The conduct of Defendant was intentional, willful and malicious, and intended to humiliate and demean Plaintiff.

31.    Defendant, during the period mentioned herein, was obligated to keep the workplace free from unlawful discrimination, and to prevent its employees from violating any laws, federal, state or city, related to preventing unlawful discrimination in employment.

32.    After Plaintiff's termination, his job was, contrary to prior representations, not eliminated, and his duties at DIMA were assumed, in whole or in part, by an individual or individuals who were younger than Plaintiff, including at least two persons under age 40.

33.    By reason of the foregoing, Defendant engaged in unlawful employment practices in violation of the Age Discrimination in Employment Act.

34.    As a direct and proximate result of Defendant's wrongful and unlawful discrimination, Plaintiff has suffered substantial damages, including but not limited to, loss of wages, employee benefits, anticipated retirement benefits, impairment of his professional reputation in the business community, and impairment of his career prospects.

35.    As a result of Defendant's unlawful conduct, Plaintiff is entitled to such relief as may be appropriate to effectuate the purposes of the statute, including but not limited to, back

6

pay, front pay, other compensatory damages, punitive damages, attorneys' fees, lost employee

benefits, pecuniary losses, costs, and expenses.

## COUNT TWO

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

36.     Plaintiff repeats and realleges Paragraphs 1 through 35 above as though fully and

completely set forth herein.

37.     Defendant breached the implied covenant of good faith and fair dealing by

unlawfully terminating Plaintiff and inducing him to waive his legal claims against Defendant by

misrepresenting the number of other persons age 40 and over that it had terminated at or about

the same time that Defendant terminated Plaintiff's employment.

38.     In the severance agreement offered to Plaintiff at the time of his termination,

Defendant offered a Special Performance Incentive payment in the amount of $244,014.00

contingent upon Plaintiff signing a general release of legal claims against Defendant and

acknowledging the terms and conditions in the agreement.

39.     Acting to his detriment in reliance upon inaccurate information in the proposed

agreement, Plaintiff signed and accepted the severance agreement; however, Defendant has

failed to pay monies due to Plaintiff under the agreement.

40.     Defendant failed to act in good faith when it induced Plaintiff to sign the

severance agreement based upon information it knew, or reasonably should have known, to be

false, and when it refused to accept or negotiate the minor modifications Plaintiff made to the

severance agreement to make those terms consistent with the past understanding between

Defendant and Plaintiff with regard to those matters.

7

41.    Defendant unjustly benefited financially by wrongfully terminating Plaintiff.

42.    As a direct result of Defendant's wrongful actions, Plaintiff has suffered damages, including, but not limited to, loss of wages, loss of employee benefits, and anticipated retirement benefits, and impairment of his reputation in the business community and of his career prospects.

43.    Plaintiff seeks such relief as this court may deem appropriate, including but not limited to, past and future wages, punitive damages, prejudgment interest, attorneys' fees, costs, and expenses.

## COUNT THREE

### (Breach of Contract)

44.    Plaintiff repeats and realleges Paragraphs 1 through 43 above as though fully and completely set forth herein.

45.    On or about November 19, 2002, Defendant offered to Plaintiff a proposed severance agreement under which Plaintiff was to receive a "Special Performance Incentive" payment in the amount of $244,014.00, contingent upon his acceptance of a release of his legal claims against Defendant and acknowledging the terms and conditions set forth in the agreement.

46.    The Plaintiff signed and accepted such severance agreement, which purported to release the Defendant from Plaintiff's prospective legal claims; however Defendant failed to make any payment to Plaintiff in breach of the terms of the agreement.

47.    Plaintiff seeks such relief as this court may deem appropriate, including, but not limited to, payment of the Special Performance Incentive award, prejudgment interest, attorneys' fees, costs and expenses measured from the date on which Plaintiff was unlawfully denied the monies.

8

48.    As a direct result of Defendant's breach of contract, Plaintiff has sustained damages in an amount to be determined at trial.

## COUNT FOUR

### (Fraudulent and Negligent Misrepresentation)

49.    Plaintiff repeats and realleges Paragraphs 1 through 54 above as though fully and completely set forth herein.

50.    Defendant made material misrepresentations of fact to plaintiff in its proposed release offered to Plaintiff at the time of his termination by failing to provide a complete and accurate list of the titles and ages of the other employees age 40 and over whose employment was terminated by Defendant between April 2002 and December 31, 2002, particularly at the levels of Managing Director and above.

51.    Defendant possessed superior knowledge as to the matters to which its material representations related, and Plaintiff reasonably relied to his detriment on its superior knowledge.

52.    The material representations made by Defendant in the information it provided to Plaintiff were intended to, and did, induce Plaintiff to sign the release of legal claims.

53.    Plaintiff seeks such relief as this court may deem appropriate.

## DEMAND FOR JURY TRIAL

54.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

9

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff as follows:

(a)    Count One in an amount to be determined at trial, and believed to be in excess of 1,000,000;

(b)    Count Two in an amount to be determined at trial, and believed to be in excess of 1,000,000;

(c)    Count Three in an amount to be determined at trial, and believed to be in excess of 500,000;

(d)    Count Four in an amount to be determined at trial, and believed to be in excess of 1,000,000; and award Plaintiff all costs, expenses and reasonable attorneys' fees associated with the prosecution of this action; and grant such other relief as the Court deems just and proper.


Dated: March 9, 2004



                          Respectfully submitted,


                          By: _____
                          Lisa M. Luchetti, Esq. (BBO# 640861)
                          11 Glendale Road
                          Boxford, MA  01921
                          Tel.: (978)-352-4939

                              -and-

                          John K. Weir
                          John K. Weir Law Offices LLC
                          300 Park Avenue, Suite 1700
                          New York, NY  10022
                          Tel.: (212)-572-6374

EEOC Form 1ET (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: John Layton<br>29 Longmeadow Drive<br>Westwood, MA 02090 | From:  Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2003-00565 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders,
Director

DEC 18 2003

(Date Mailed)

Enclosure(s)

cc: Heather C. Krauss, Esq.
Epstein, Becker, & Green, P.C.
111 Huntington Avenue
26th Floor
Boston, MA 02199-7610