UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN R. LAYTON,)
)
*Plaintiff*,)
)
v.)
)
DEUTSCHE INVESTMENT MANAGEMENT)   CIVIL ACTION
AMERICAS, INC.)   NO. 04-10500-EFH
)
*Defendant*.)
)

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEUTSCHE INVESTMENT MANAGEMENT AMERICAS INC.[1]

Pursuant to Fed. R. Civ. P. 8, Defendant, Deutsche Investment Management Americas Inc. ("DIMA" or "the Company") hereby responds to the allegations in the complaint of Plaintiff, John R. Layton, and asserts its affirmative defenses as follows:

### PRELIMINARY STATEMENT

1.      DIMA responds that the allegations contained in Paragraph 1 of the Complaint contain introductory statements and/or legal conclusions to which no responses are required. To the extent that responses may be required, DIMA denies the allegations contained in Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.      DIMA states that the allegations contained in Paragraph 2 of the Complaint assert a legal conclusion to which no response is required.

---

[1] Please note that Deutsche Investment Management Americas Inc. has been incorrectly named as "Deutsche Investment Management Americas, Inc."

3. DIMA states that the allegations contained in Paragraph 3 of the Complaint assert legal conclusions to which no responses are required.

## PARTIES

4. DIMA admits that Plaintiff is an individual and further admits that Company records indicate that Plaintiff's address is 26 Longmeadow Drive, Westwood, Massachusetts 02090 as alleged in Paragraph 4 of the Complaint.

5. DIMA admits the allegations contained in Paragraph 5 of the Complaint.

6. DIMA admits that it is a leading provider of investment management services and clarifies that it is a wholly-owned subsidiary of Deutsche Bank Americas Holding Corporation. Deutsche Bank Americas Holding Corporation is ultimately a subsidiary of Deutsche Bank, A.G., which is a foreign banking corporation duly organized under the laws of Germany.

7. DIMA states that the allegations contained in Paragraph 7 of the Complaint assert legal conclusions to which no responses are required. To the extent that responses may be required, DIMA denies the allegations contained in Paragraph 7 of the Complaint.

8. DIMA admits that it is a corporation and that since Deutsche Bank's acquisition of Zurich Scudder Investments, Inc. ("Scudder") on April 8, 2002, DIMA has been continuously doing business in Massachusetts and has continuously employed at least twenty individuals.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. DIMA lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint, except DIMA admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which charge speaks for itself. DIMA further admits that the EEOC dismissed Plaintiff's charge and issued a right to sue letter, which letter speaks for itself.

10. DIMA states that the allegations in Paragraph 10 of the Complaint assert legal conclusions to which no responses are required. To the extent that responses may be required, DIMA lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

ALLEGATIONS COMMON TO ALL CLAIMS

11. DIMA lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. DIMA lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. DIMA admits the allegations contained in Paragraph 13 of the Complaint.

14. DIMA lacks sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. DIMA admits that Deutsche Bank acquired Scudder on April 8, 2002. DIMA further admits that Scudder's office located at Two International Place in Boston, Massachusetts became known as "Deutsche Investment Management Americas Inc." following this acquisition.

16. DIMA admits that Plaintiff held the title of Managing Director immediately prior to and after Deutsche Bank's April 8, 2002 acquisition of Scudder. DIMA denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. DIMA admits that following the April 8, 2002 acquisition of Scudder, Plaintiff had, on average, the second largest book of business in the Investment Advisory Division's Boston office. DIMA denies the remaining allegations and characterizations contained in Paragraph 17 of the Complaint.

18. DIMA admits that on November 19, 2002, G. West Saltonstall and David Denaro met with Plaintiff to inform Plaintiff of DIMA's decision to eliminate his Managing Director position and terminate his employment. DIMA denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. DIMA admits that during their November 19, 2002 meeting, Saltonstall gave Plaintiff a letter. DIMA further asserts that this letter speaks for itself.

20. DIMA admits that it offered Plaintiff a separation agreement, which was attached to the letter that Saltonstall gave Plaintiff on November 19, 2002. DIMA further asserts that the separation agreement speaks for itself.

21. DIMA denies the allegations contained in Paragraph 21 of the Complaint.

22. DIMA denies the allegations contained in Paragraph 22 of the Complaint.

23. DIMA admits that Plaintiff returned a separation agreement to DIMA in which he had crossed out key provisions of the separation agreement originally offered by DIMA, signed it "as amended," and dated it December 31, 2002. DIMA further asserts that this document speaks for itself. DIMA denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. DIMA denies the allegations contained in Paragraph 24 of the Complaint.

25. DIMA denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT ONE

(Violation of Age Discrimination in Employment Act, 29 U.S.C. § 623)

26. DIMA restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 25 as if fully set forth herein in response to the allegations contained in Paragraph 26 of the Complaint.

26 [sic]. DIMA lacks sufficient information to admit or deny the allegations contained in Paragraph 26 [sic] of the Complaint.

27.     DIMA denies the allegations contained in Paragraph 27 of the Complaint.

28.     DIMA denies the allegations contained in Paragraph 28 of the Complaint.

29.     DIMA denies the allegations contained in Paragraph 29 of the Complaint.

30.     DIMA denies the allegations contained in Paragraph 30 of the Complaint.

31.     DIMA states that the allegations contained in Paragraph 31 of the Complaint assert legal conclusions to which no responses are required.

32.     DIMA denies the allegations contained in Paragraph 32 of the Complaint.

33.     DIMA denies the allegations contained in Paragraph 33 of the Complaint.

34.     DIMA denies the allegations contained in Paragraph 34 of the Complaint.

35.     DIMA denies the allegations contained in Paragraph 35 of the Complaint.

## COUNT TWO

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

36.     DIMA restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 35 as if fully set forth herein in response to the allegations contained in Paragraph 36 of the Complaint.

37.     DIMA denies the allegations contained in Paragraph 37 of the Complaint.

38.     DIMA admits that it offered Plaintiff a separation agreement on November 19, 2002. DIMA further asserts that the separation agreement speaks for itself.

39.     DIMA denies the allegations contained in Paragraph 39 of the Complaint.

40.     DIMA denies the allegations contained in Paragraph 40 of the Complaint.

41.     DIMA denies the allegations contained in Paragraph 41 of the Complaint.

42. DIMA denies the allegations contained in Paragraph 42 of the Complaint.

43. DIMA denies that Plaintiff is entitled to any of the relief he seeks in Paragraph 43 of the Complaint.

## COUNT THREE

### (Breach of Contract)

44. DIMA restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 43 as if fully set forth herein in response to the allegations contained in Paragraph 44 of the Complaint.

45. DIMA admits that it offered Plaintiff a separation agreement on November 19, 2002. DIMA further asserts that the separation agreement speaks for itself.

46. DIMA denies the allegations contained in Paragraph 46 of the Complaint.

47. DIMA denies that Plaintiff is entitled to any of the relief he seeks in Paragraph 47 of the Complaint.

48. DIMA denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT FOUR

### (Fraudulent and Negligent Misrepresentation)

49. DIMA restates, re-alleges and incorporates by reference the responses contained in Paragraphs 1 through 54 [sic] as if fully set forth herein in response to the allegations contained in Paragraph 49 of the Complaint.

50. DIMA denies the allegations contained in Paragraph 50 of the Complaint.

51. DIMA denies the allegations contained in Paragraph 51 of the Complaint.

52. DIMA denies the allegations contained in Paragraph 52 of the Complaint.

53. DIMA denies that Plaintiff is entitled to any of the relief he seeks in Paragraph 53 of the Complaint.

## DEMAND FOR JURY TRIAL

54. DIMA states that no response is required to Plaintiff's Jury Demand.

## PRAYER FOR RELIEF

DIMA denies that Plaintiff is entitled to any of the relief he seeks.

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against DIMA fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The actions of DIMA were based upon reasonable, non-discriminatory actions and motives. Even if the Plaintiff could prove his allegations of discrimination, which he cannot, there were alternative, non-discriminatory reasons, which were not pretextual, for the actions taken by DIMA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim must be dismissed for a lack of contract formation, or a lack of a "meeting of the minds" of the parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim must be dismissed for a lack of consideration.

### FIFTH AFFIRMATIVE DEFENSE

If, as Plaintiff alleges and DIMA denies, an enforceable contract exists, said contract constitutes a valid release of claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to particularize any fraud or misrepresentation.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's misrepresentation claim is barred because any reliance alleged by Plaintiff was neither justified nor reasonable.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by waiver and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE

Either Plaintiff has not suffered any damages, or he has failed to mitigate his alleged damages.

### TENTH AFFIRMATIVE DEFENSE

DIMA is entitled to a set-off for all the amounts which Plaintiff has earned in mitigation of his claim for damages or which could have been earned in the reasonable exercise of diligence to mitigate his alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

DIMA acted at all times in good faith and not recklessly or maliciously and, therefore, it cannot be held liable for punitive damages.

Respectfully submitted,

DEUTSCHE INVESTMENT MANAGEMENT AMERICAS INC.,

By its attorneys,

_/s/ Heather C. Krauss_
David S. Rubin, BBO # 546213
Daniel J. Blake, BBO #552922
Heather C. Krauss, BBO # 644457
EPSTEIN, BECKER & GREEN, P.C.
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated: April 7, 2004

## CERTIFICATE OF SERVICE

I, Heather C. Krauss, hereby certify that on April 7, 2004, a true copy of the foregoing document was served via overnight mail upon counsel for Plaintiff, Lisa M. Luchetti, 11 Glendale Road, Boxford, MA 01921.

_/s/ Heather C. Krauss_
Heather C. Krauss

- 9 -