UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. LAYTON,<br><br>*Plaintiff,*<br><br>v.<br><br>DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC.<br><br>*Defendant.* | CIVIL ACTION<br>NO. 04-10500-EFH |

### DEFENDANT'S FIRST SET OF INTERROGATORIES

Defendant, Deutsche Investment Management Americas Inc. ("DIMA"), propounds its First Set of Interrogatories ("Interrogatories") to be answered by Plaintiff, John R. Layton, within thirty (30) days of receipt pursuant to Fed. R. Civ. P. 33 and LR 33.1.

### INSTRUCTIONS AND DEFINITIONS

1. In answering these Interrogatories, Plaintiff is to furnish all information available, including information in the possession of Plaintiff's agents, including attorneys, investigators or any other person acting on Plaintiff's behalf.

2. These Interrogatories are continuing in nature, and Plaintiff is requested to provide, by way of supplementary answers thereto, such additional information as Plaintiff or any person acting on Plaintiff's behalf may hereafter obtain or generate which will supplement, augment, clarify or otherwise modify the original answers provided to these Interrogatories.

3. If Plaintiff asserts any privilege in responding to these Interrogatories, Plaintiff shall, with his answers to Interrogatories, submit a privilege log specifying the privilege asserted

and the basis for the assertion, as well as identifying the communication or document for which the privilege is claimed by author(s), recipient(s) and date.

4. If Plaintiff objects to any Interrogatory as overly broad, unduly burdensome, or irrelevant, Plaintiff shall answer to the full extent he concedes some information is properly requested and state how Plaintiff has narrowed his answer.

5. As used herein, the following terms shall have the meanings indicated below:

a. The words "Plaintiff," "you," and "your" shall be deemed synonymous and shall be deemed to include any and all agents, servants, employees, attorneys, and other representatives of Plaintiff, John R. Layton.

b. The term "DIMA" means the Defendant, Deutsche Investment Management Americas Inc., its parents, affiliates, predecessors, employees, officers, directors, agents, representatives, attorneys, and all other persons acting on its behalf.

c. The term "person" means any natural person, corporation, partnership, joint venture, or any other business, legal or governmental entity or association.

d. The term "document" shall have the meaning given by Rule 34(a) of the Federal Rules of Civil Procedure and shall also include all electronic communications, information or material capable of being printed from a computer hard drive or disk, recordings of communications, notes, diaries, calendars, affidavits, and file folders and drafts of any and all of the above. A draft or non-identical copy is considered a separate document within the meaning of this term.

e.  The term "identify" (*with respect to persons*) means to give, to the extent known, the person's full name, present or last known address and telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

f.  The term "identify" (*with respect to documents*) means to give, to the extent known, the following information: the type of document; the general subject matter of the document; the date, if any, of the document; and the author(s), addressee(s), and recipient(s) of the document.

g.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to any verbal, written, or electronic transmission.

h.  The term "relating to" means referring to, regarding, concerning, describing, evidencing, or constituting.

i.  The term "Complaint" means Plaintiff's complaint in the above-captioned matter, including any amendments thereto.

j.  The conjunctives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

k.  The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

INTERROGATORY NO. 1:

Identify each person, excluding Plaintiff's attorney(s), with whom Plaintiff has communicated regarding the allegations in his Complaint, including Plaintiff's allegations regarding damages, and a description of the substance of each communication.

INTERROGATORY NO. 2:

Identify by name and address each person whom Plaintiff expects to call as a fact witness at the trial of this matter, stating with respect to each such person a summary of the facts to which each such person is expected to testify.

INTERROGATORY NO. 3:

Identify by name, address, and field of expertise each person whom Plaintiff expects to call as an expert witness at the trial of this matter, stating with respect to each such person:

- a. the subject matter on which each such expert is expected to testify;
- b. a summary of the facts and/or opinions to which each such expert is expected to testify; and,
- c. a summary of the grounds for each such expert opinion.

INTERROGATORY NO. 4:

Identify all communications in which Plaintiff gave DIMA prior notice of his objection to restrictions set forth in his proposed separation agreement and/or in which DIMA indicated that Plaintiff would not be bound by such restrictions as alleged in Paragraph 24 of the Complaint.

INTERROGATORY NO. 5:

Identify by the corresponding Bates-stamped number on the document, the author of all handwritten documents and handwritten notes on documents produced in response to Defendant's First Set of Requests for Production of Documents to the extent the author of such handwriting is not otherwise identified by name on the face of the document.

INTERROGATORY NO. 6:

Please state whether, from the period of January 1, 1999 to the present, Plaintiff has been treated by any psychologist, psychiatrist, social worker, counselor or any other mental health professional for any condition. If Plaintiff's answer is in the affirmative, please state:

    a.   the name and address of each such treating professional;

    b.   the reason or purpose for seeking treatment;

    c.   the dates of treatment and/or counseling;

    d.   any known diagnosis;

    e.   any medications that were prescribed and the dates of usage;

    f.   Plaintiff's prognosis, if any; and,

    g.   any plan for continuing treatment.

INTERROGATORY NO. 7:

State the nature and amount of all monetary damages Plaintiff is seeking to recover in this action, including but not limited to any alleged damages for lost wages, emotional distress, punitive damages and attorneys' fees, including in your answer the basis for each such calculation.

<u>INTERROGATORY NO. 8</u>:

Identify each and every person with whom Plaintiff has been employed since November 19, 2002 and state the period during which he is or was employed by each such person; the position or positions he held with each such person; whether the position was full-time or part-time; the dates during which he held each such position; and, if applicable, state the date upon which his employment with each such person ended and the reasons for that occurrence.

<u>INTERROGATORY NO. 9</u>:

Identify each and every person with whom Plaintiff has made any formal or informal application for employment since January 1, 2002.

<u>INTERROGATORY NO. 10</u>:

State Plaintiff's total earnings from any employment or employment-related activity, including self-employment, during the period of November 19, 2002 to the present and the source or sources of such earnings. If more than one source, please specify the amount for each source and the dates such income was received.

<u>INTERROGATORY NO. 11</u>:

If Plaintiff has ever been a party or witness in any civil, criminal or administrative action other than the present matter, provide the following information with respect to each such proceeding:

    a. the date the action was filed or commenced;

    b. the name of the court or agency in which the action was commenced;

    c. the docket number, if any;

    d. the names of the parties involved;

    e. the names of the attorneys representing each party;

 f. a description of the nature of the action;

 g. the disposition of the action; and,

 h. the amount of any settlement or judgment obtained or the result of the proceeding.

           DEUTSCHE INVESTMENT MANAGEMENT
           AMERICAS INC.,

           By its attorneys,

           */s/ Heather C. Krauss*
           David S. Rubin, BBO # 546213
           Daniel J. Blake, BBO # 552922
           Heather C. Krauss, BBO # 644457
           EPSTEIN, BECKER & GREEN, P.C.
           111 Huntington Avenue
           Boston, MA 02199

Dated: July 7, 2004      (617) 342-4000

## CERTIFICATE OF SERVICE

 I, Heather C. Krauss, hereby certify that on July 7, 2004, a true copy of the foregoing document was served via facsimile and Federal Express upon counsel for Plaintiff, John K. Weir, John K. Weir Law Offices, LLC, 300 Park Avenue, Suite 1700, New York, NY 10022 and via first-class-mail U.S. mail, postage prepaid, upon counsel for Plaintiff, Lisa M. Luchetti, 11 Glendale Road, Boxford, MA 01921.

           */s/ Heather C. Krauss*
           Heather C. Krauss