UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10500-EFH

|  |  |
|---|---|
| JOHN R. LAYTON<br>Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>)<br>) |
| DEUTSCHE INVESTMENT<br>MANAGEMENT AMERICAS, INC.,<br>Defendants | )<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT, DEUTSCHE INVESTMENT
MANAGEMENT AMERICAS, INC.'S
PRODUCTION OF DOCUMENTS AND MOTION FOR EXTENION OF EXPERT
DISCLOSURE DEADLINE**

Pursuant to Fed.R.Civ.P. 37(a), now comes the Plaintiff, John R. Layton, by and through

his attorneys, and requests the Court to: (1) overrule Defendant, Deutsche Investment

Management Americas, Inc.'s Objections and Responses to Plaintiff's First Request for

Production of Documents, (2) order Defendant to serve upon Plaintiff's counsel within 10

calendar days of the entry of the court's order on this motion full, complete and responsive

documents in compliance with the rules to Document Requests No. 2, 4, 7, 14, 18, 19, 20, 21, 27,

28, 31, and 34; and, (3) impose sanctions upon Defendant and their counsel including awarding

Plaintiff reasonable attorneys' fees and costs incurred as the result of the Defendant's failures to

have responded to Plaintiff's Request for Production of Documents in accordance with the rules.

In addition, Plaintiff requests additional time within which to provide expert disclosures.  The

grounds for this motion are set forth in the following memorandum.

PRECEDURAL HISTORY

Counsel for Plaintiff sent Plaintiff's First Request for of Documents to the Defendant,

Deutsche Investment Management Americas, Inc. on October 12, 2004. Defendant asked for an

extension of time to provide a document response. Defendant then provided document response

on December 10, 2004, in which Defendant refused to produce a great many documents on the

basis that the parties needed to enter into a Confidentiality/Protective Order. The

Confidentiality/Protective Order was executed and filed with Court on February 2, 2005.

Thereafter, Defendant produced additional documents on February 14, 2005. However, the

significant portions of the additional documents were still redacted, as shown on attached Exhibit

A, a document which purports to contain reasons why Plaintiff was terminated. The author of

the document was redacted as well.

Due to the discovery time line, although the un-redacted documents were not produced,

Plaintiff was forced to proceed with the deposition process without all of the requested

documents, scheduling depositions of G. West Saltonstall and David Dinaro for March 30, and

31, 2005. Plaintiff's counsel then initiated discussions with Defendant's counsel regarding the

un-redacted documents, as detailed more fully in the Rule 37.1 Certificate of Compliance.

Counsel for Defendant did not contact Plaintiff's counsel for a discovery conference, despite

requesting additional time within which to do so, up to and including 12:00 noon on March 22,

2005. Plaintiff's counsel did not hear from Counsel for the Defendant until the morning of

March 29, 2005, when he was already en route from New York to meet with his client to prepare

for Mr. Saltonstall's deposition and to finalize Plaintiff's Motion to Compel. At that time,

Counsel for the Defendant indicated that there were additional documents that were to be

produced in response to Plaintiff's First Request For Production of Documents and that

additional time would be needed to produce said documents. Plaintiff then agreed to postpone the scheduled depositions until receipt of the additional documents.

## CERTIFICATE AS TO COMPLIANCE WITH LOCAL RULE 37.1

Plaintiff has complied with Local Rule 37.1. Counsel for Plaintiff, Nancie L. Edgren requested a discovery conference with Defendant on January 7, 2005. Counsel for the Plaintiff and Counsel for Defendant, Heather Krauss, conferred a number of times via telephone regarding the Defendant's document response. Thereafter, the parties entered into a Stipulated Protective Order and Defendant provided additional documents pursuant to the Protective Order. Counsel for Plaintiff, John J. Weir, wrote a letter to counsel for Defendant on March 15, 2005, requesting that a discovery conference beheld on or before March 18, 2004. Counsel for Defendant then telephoned Attorney Weir on March 18, 2005 and requested additional time up through and including Tuesday March 22, 2005 to respond to Plaintiff's letter and request for a discovery conference. Counsel for Plaintiff agreed that counsel for Defendant could have until 12:00 noon on March 22, 2005 to respond to the request for a discovery conference. Counsel for Defendant did not contact counsel for Plaintiff for the requested discovery conference on March 22, 2005 and has still not contacted counsel for Plaintiff to discuss the outstanding discovery dispute. The parties have not been able to resolve their dispute regarding the following document requests:

## MEMORANDUM

Request No. 2

All documents which concern or relate to, or which are alleged to support, DIMA's purported business reason(s) for terminating Plaintiff John R. Layton.

Response No. 2

DIMA objects to Request No. 2 to the extent that it seeks confidential business information, proprietary information and/or trade secrets. DIMA also objects to Request No. 2 to the extent that disclosure of the information sought would violate the privacy interests of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B. In addition, DIMA objects to Request No. 2 to the extent that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Finally, DIMA objects to Request No. 2 to the extent that it seeks information that is subject to the attorney-client privilege, work product doctrine and/or other privilege.

Subject to and without waiving the above objections, DIMA responds that it already identified and produced documents response to Request No. 2 as part of Defendant's Initial Disclosures. DIMA will produce non-privileged, confidential documents regarding its decision to terminate Plaintiff's employment, which were identified in Defendant's Initial Disclosures but have not yet been produced, subject to and agreement on, and entry of, a stipulated protective order.

<u>ARGUMENT</u>

Defendant's objections to Request No. 2 are without merit. Defendant objects to Request No. 2 on the grounds that it seeks confidential business information, proprietary information and/or trade secrets. Plaintiff is not seeking confidential business information, but information pertaining to the business reasons for terminating him. Documents Request No. 2 goes to the very heart of Plaintiff's case. Defendant also objects to Request No. 2 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or

former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, §

52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections

are not valid. Mass. Gen. Laws. Ch. 149 § 52C merely requires that if an employer receives

written notice from an employee, the employee shall be provided with an opportunity to review

his personnel record within five business days of such request. Mass. Gen. Laws Ch. 149 Sec.

52C in no way prohibits the disclosure of the information that Plaintiff has requested. Similarly,

Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy. Specifically, Mass. Gen.

Law. Ch. 214 Sec. 1B States:

> "A person shall have a right against unreasonable, substantial or serious
> interference with his privacy. The superior court shall have jurisdiction in equity
> to enforce such right and in connection therewith to award damages."

Mass. Gen. Laws Ch. 214 Sec. 1B in not way prevents the disclosure of the information

that the Plaintiff seeks.

In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot

disclose certain information provided during the course of discovery. Therefore, any argument

that Defendant cannot produce the requested information on that basis is flawed.

Requiring the Defendant to provide information regarding its purported business reasons

for termination Plaintiff is well within the bounds of permissible discovery. Fed.R.Civ.P. 26 and

33; Local Rules 26.1 and 33.1. Fed.R.Civ.P. 26 states that as a matter of right,

> [p]arties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any party,
> including the existence, description, nature, custody, condition, and
> location of any books, documents, or other tangible things and the
> identity and location of persons having knowledge of any
> discoverable matter....[   ] Relevant information need not be
> admissible at the trial if the discovery appears reasonably
> calculated to lead to the discovery of admissible evidence.....

Certainly, information pertaining to the Defendant's purported business reasons for terminating Plaintiff is discoverable because it is germane to Plaintiff's case. In addition, the recent disclosure that there are additional documents to be produced in response to Plaintiff's Request for Documents suggests that there are may be additional documents responsive to this request that have not been produced. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete response to Request No. 2 in compliance with the rules.

Request No. 4

All documents which DIMA contends support, concern or relate to DIMA's admissions, denials or affirmative defenses contained in its Answer to Plaintiff's Complaint.

Response No. 4

DIMA objects to Request No. 4 on the grounds that it is overly broad and vague and because it calls for legal conclusions. DIMA further objects to Request No. 4 to the extent that it seeks confidential business information, proprietary information and/or trade secrets. DIMA also objects to Request No. 4 to the extent that disclosure of the information sought would violate the privacy interests of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B. In addition, DIMA objects to Request No. 4 to the extent that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Finally, DIMA objects to Request No. 4 to the extent that it seeks

information that is subject to the attorney-client privilege, work product doctrine and/or other privilege.

Subject to and without waiving the above objections, DIMA responds that it already identified and produced documents responsive to Request No. 4 as part of Defendant's Initial Disclosures. DIMA will produce non-privileged, confidential documents regarding its decision to terminate Plaintiff's employment, which were identified in Defendant's Initial Disclosures but have not yet been produced, subject to and agreement on, and entry of, a stipulated protective order.

## ARGUMENT

Defendant's objections to Request No. 4 are without merit. Defendant objects to Request No. 4 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections are not valid. Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information. Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks.

Documents which support, concern or relate to the Defendant's admissions, denials or affirmative defenses are certainly relevant and discoverable. Fed.R.Civ.P. 26 and 33; Local Rules 26.1 and 33.1. Fed.R.Civ.P. 26 states that as a matter of right,

> [p]arties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any party,
> including the existence, description, nature, custody, condition, and

> location of any books, documents, or other tangible things and the
> identity and location of persons having knowledge of any
> discoverable matter....[    ]  Relevant information need not be
> admissible at the trial if the discovery appears reasonably
> calculated to lead to the discovery of admissible evidence.....

Certainly, information pertaining to the Defendant's admissions, denials or affirmative

defenses is discoverable because it is germane to Plaintiff's case.  In addition, the recent

disclosure that there are additional documents to be produced in response to Plaintiff's Request

for Documents suggest that there are may be additional documents responsive to this request that

have not been produced.  The objections should be overruled and the Defendant should be

required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the

court's order on this motion, full, complete response to Request No. 2 in compliance with the

rules.

Request No. 7

All documents which concern in any manner whatsoever the employment action taken

against Plaintiff John R. Layton in November, 2002.

Response No. 7

DIMA objects to Request No. 7 on the grounds that it is overly broad and vague.  DIMA

further objects to Request No. 7 to the extent that it seeks confidential business information,

proprietary information and/or trade secrets.  DIMA also objects to Request No. 7 to the extent

that disclosure of the information sought would violate the privacy interests of its current and/or

former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 §

52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B.  In addition, DIMA

objects to Request No. 4 to the extent that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Finally, DIMA objects to Request No. 4 to the extent that it seeks information that is subject to the attorney-client privilege, work product doctrine and/or other privilege.

Subject to and without waiving the above objections, DIMA responds that it already identified and produced documents response to Request No. 7 as part of Defendant's Initial Disclosures. DIMA will produce non-privileged, confidential documents regarding its decision to terminate Plaintiff's employment, which were identified in Defendant's Initial Disclosures but have not yet been produced, subject to and agreement on, and entry of, a stipulated protective order.

## ARGUMENT

Defendant's objections to Request No. 7 are without merit. Defendant objects to Request No. 7 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections are not valid. Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information. Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks. In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Certainly, the request for all documents which concern in any manner whatsoever the employment action taken against Plaintiff in November of 2002 are relevant to Plaintiff's discrimination complaint. In addition, the recent disclosure that there are additional documents to be produced in response to Plaintiff's Request for Documents suggests that there are may be additional documents responsive to this request that have not been produced. In addition, the document produced and attached at Exhibit A that pertains to Plaintiff's termination is undoubtedly responsive to this request and should be produced in un-redacted form. Plaintiff's counsel was under the impression that once the Confidentiality Agreement/Protective Order was entered into, the documents would be un-redacted. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete response to Request No. 7 in compliance with the rules, and produce the documents already provided in un-redacted form.

Request No. 14

All formal or informal evaluations of the job performance of any other DIMA employee against whom Plaintiff John R. Layton was compared in connection with the adverse employment action taken against Plaintiff in November 2002, for the period running from January 1, 1999 to the present.

Response No. 14

DIMA objects to Request No. 14 on the grounds that it is overly broad in time and scope. DIMA further objects to Request No. 4 to the extent that it seeks confidential business information, proprietary information and/or trade secrets. DIMA also objects to Request No. 14

to the extent that disclosure of the information sought would violate the privacy interests of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B. In addition, DIMA objects to Request No. 14 to the extent that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

## ARGUMENT

Defendant's objections to Request No. 14 are without merit. Defendant objects to Request No. 14 as being unduly vague and overly broad in time and scope. Plaintiff's request is not overly broad in time and scope. Plaintiff is seeking evaluations with whom Plaintiff was compared for a period of three years prior to his layoff. It is Plaintiff's contention that younger, less qualified employees were retained while Plaintiff was terminated. Production of the evaluations is necessary to show that less qualified employees were in fact retained.

In addition, Defendant objects to Request No. 14 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections are not valid. Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information. Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks. In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Defendant also objects to Request No. 14 to the extent that the information it seeks is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding evaluations of other employees with whom the Plaintiff was compared in selection for layoff is relevant to whether the Defendant's selection of Plaintiff was merely pre-textual. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to Request No. 14 in compliance with the rules.

Request No. 18

All documents concerning claimed unlawful practices, charges and/or problems raised by any DIMA employee during the period from January 1, 1999 to the present.

Response No. 18

DIMA objects to Request No. 18 on the grounds that it is hopelessly overly broad in time and scope. DIMA also objects to Request No. 18 because it is unduly vague and burdensome. DIMA further objects to Request No. 18 on the grounds that nearly all of the information it seeks is neither relevant nor reasonably calculated to lead to the discovery of admission evidence. In addition, DIMA objects to Request No. 18 because disclosure of the information sought would violate the privacy interests of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B. DIMA also objects to Request No. 18 to the extent that it seeks confidential business information, proprietary information, and/or trade secrets. Finally, DIMA objects to Request No. 4 to the extent that it seeks information that is subject to the attorney-client privilege, work product doctrine and/or other privilege.

Subject to and without waiving the above objections, DIMA responds that documents submitted by DIMA to the EEOC regarding Plaintiff's complaint of age discrimination will be produced in response to Request No. 3.


ARGUMENT

Defendant's objections to Request No. 18 are without merit. Defendant objects to Request No. 18 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections are not valid. Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information. Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks. In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Plaintiff is seeking documents pertaining to claimed unlawful employment practices from January 1, 1999 to the present. Plaintiff is willing to limit this request to age discrimination claims or complaints made by DIMA employees from January 1, 1999. Whether any other former employees filed a discrimination claim against the Defendant is relevant to the Plaintiff's allegations of discrimination. Other claims of discrimination may show that the Defendant had a discriminatory animus towards older employees and targeted older workers for layoffs. The objections should be overruled and the Defendant should be required by the Court to serve upon

Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full,

complete and responsive response to Request No. 18 in compliance with the rules.

Request No. 19

All documents concerning any litigation or administrative proceeding, pending or

completed, pertaining to age discrimination, retaliation, or harassment of any employee from

January 1, 1999 to the present.

Response No. 19

DIMA objects to Request No. 19 on the grounds that it is overly broad in time and scope.

DIMA also objects to Request No. 19 because compliance will be unduly burdensome.  DIMA

further objects to Request No. 19 on the grounds that nearly all of the information it seeks is

neither relevant nor reasonably calculated to lead to the discovery of admission evidence.  In

addition, DIMA objects to Request No. 19 disclosure of the information sought would violate the

privacy interests of its current and/or former employees under the Massachusetts Personnel File

Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen.

Laws. Ch. 214 § 1B.  In addition, DIMA objects to Request No. 4 to the extent that it seeks

information that is neither relevant nor reasonably likely to lead to the discovery of admissible

evidence.  Finally, DIMA objects to Request No. 19 to the extent that it seeks information that is

subject to the attorney-client privilege, work product doctrine and/or other privilege.

Subject to and without waiving the above objections, DIMA responds that documents

submitted by DIMA to the EEOC regarding Plaintiff's complaint of age discrimination will be

produced in response to Request No. 3.

ARGUMENT

Defendant's objections to Request No. 19 are without merit. Defendant objects to Request No. 19 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections are not valid. Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information. Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks. In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Plaintiff is seeking documents concerning any litigation or administrative proceeding pertaining to age discrimination from other employees from January 1, 1999 to the present. Plaintiff is willing to limit Request No. 19 to documents concerning litigation or administrative proceedings pertaining to age discrimination. Whether any other former employees filed a discrimination claim against the Defendant is relevant to the Plaintiff's allegations of discrimination. Other claims of discrimination may show that the Defendant had a discriminatory animus towards older employees and targeted older workers for layoffs. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to Request No. 19 in compliance with the rules.

Request No. 20

Any waivers or releases the Defendant's agents, servants, employees or representatives may have signed to settle pending EEOC or MCAD claims, civil suits, or in conjunction with employee discharges, voluntary or involuntary layoffs.

Response No. 20

DIMA objects to Request No. 20 on the grounds that it is overly broad in time and scope and is unduly burdensome. DIMA further objects to Request No. 20 on the grounds that nearly all of the information it seeks is neither relevant nor reasonably calculated to lead to the discovery of admission evidence. In addition, DIMA objects to Request No. 20 to the extent it seeks confidential business information, proprietary information, and/or trade secrets. Finally DIMA objects to Request No. 20 because disclosure of the information sought would violate the privacy interests of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B.

Subject to and without waiving the above objections, DIMA states that it already identified and produced the proposed separation agreement and release offered to Plaintiff on November 19, 2002, as part of Defendant's initial disclosures.

ARGUMENT

Defendant's objections to Request No. 20 are without merit. Defendant objects to Request No. 20 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or former employees under the Massachusetts Personnel File

Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections are not valid. Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information. Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks. In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Plaintiff is seeking documents concerning waivers or releases signed by the Defendant's employees relating to employee discharges and how those cases were resolved. The disposition of EEOC and MCAD proceedings or civil suits regarding age discrimination claims is likely to lead to the discovery of admissible evidence. Whether other former employees signed waivers or releases is relevant to the Plaintiff's allegations of discrimination. Other claims of discrimination may show that the Defendant had a discriminatory animus towards older employees and targeted older workers for layoffs. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to Request No. 20 in compliance with the rules.

Request No. 21

All documents concerning each and every layoff, discharge, involuntary transfer, demotion, reassignment, resignation and/or early retirement of any DIMA employee over age 40 years of age from January 1, 1999 to the present, including but not limited to all performance

evaluations, reports of internal investigations, and written communications with the affected

employees or their designated representatives, including names, addresses, title, job description

and ages of those laid off.

Response No. 21

     DIMA objects to Request No. 21 on the grounds that it is hopelessly overly broad in time

and scope and is unduly burdensome.  DIMA also objects to Request No. 21 because compliance

will be unduly burdensome.  DIMA further objects to Request No. 21 on the grounds that nearly

all of the information it seeks is neither relevant nor reasonably calculated to lead to the

discovery of admission evidence.  In addition, DIMA objects to Request No. 21 because

disclosure of the information sought would violate the privacy interests of its current and/or

former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 §

52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B.  DIMA also

objects to Request No. 21 to the extent it seeks confidential business information, proprietary

information and/or trade secrets.  Finally, DIMA objects to Request No. 21 to the extent that it

seeks information that is subject to the attorney-client privilege, work product doctrine, and/or

other privilege.

     Subject to and without waiving the above objections, DIMA responds that non-privileged

documents response to Request No. 21 concerning Plaintiff's termination will be produced as

part of Def.'s Initial Disclosures and/or in response to Request No. 3.  DIMA will produce non-

privileged, confidential documents, which were identified in Def.'s Initial Disclosures but have

not yet been produced, subject to agreement on, and entry of, a stipulated protective order.

ARGUMENT

Defendant's objections to Request No. 21 are without merit. Defendant objects to Request No. 21 partially on the basis that the disclosure of the information sought would violate the privacy rights of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B. These objections are not valid. Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information. Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks. In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Plaintiff is seeking documents concerning each and every layoff of any of the Defendant's employees over the age of 40 from January 1, 1999 to the present. Plaintiff is willing to limit the request to documents concerning layoffs from January 1, 2002 to December 31, 2002, or those who received notice of termination in 2002 and may have not been actually terminated until 2003. Information pertaining to other employees over the age of 40 who were laid off during this time period is directly relevant to the Plaintiff's allegations of discrimination. The Defendant may have had a discriminatory animus towards older employees and targeted older workers for layoffs. The number of older employees who were laid off in 2002 by the defendant will provide statistical information as to whether employees over 40 were targeted for layoff. In addition, providing the names of the individuals who were laid off is necessary because Plaintiff may call the former employees as possible witnesses. Also, in light of the

Supreme Court's recent decision in <u>Smith v. City of Jackson, Mississippi</u>, Plaintiff's access to discoverable information that would support his claim for age discrimination on the basis of disparate impact is particularly appropriate. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to Request No. 21 in compliance with the rules.

Request No. 27

All performance evaluations, reports or internal investigations or other documents concerning the job performance of any individual who assumed all or any part of the job duties of Plaintiff, John R. Layton and DIMA following his termination of employment.

Response No. 27

DIMA objects to Request No. 27 because disclosure of the information sought would violate the privacy interests of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214 § 1B. DIMA also objects to Request No. 27 to the extent it seeks confidential business information, proprietary information and/or trade secrets. DIMA further objects to Request No. 27 on the grounds that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT

Defendant's objections to Request No. 27 are without merit. Defendant objects to Request No. 27 partially on the basis that the disclosure of the information sought would violate

the privacy rights of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch. 214, § 1B.  These objections are not valid.  Mass. Gen. Laws. Ch. 149 § 52C requires an employer to allow an employee to review his or her personnel file upon written request and does not prohibit the disclosure of the requested information.  Similarly, Mass. Gen. Laws ch. 214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the information that the Plaintiff seeks.  In addition, the parties have entered into a Protective Order whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Plaintiff is seeking documents concerning each and every layoff of any of the Defendant's employees over the age of 40 from January 1, 1999 to the present.  Information pertaining to other employees over the age of 40 who were laid off is relevant to the Plaintiff's allegations of discrimination.  Plaintiff's claim is that younger, less qualified and less experienced individuals assumed at least part of his job responsibilities.  If young, less qualified employees did in fact assume Plaintiff's job responsibilities, this information is central to Plaintiff's discrimination complaint and the documents should be produced.  The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to Request No. 27 in compliance with the rules.

Request No. 28

All performance evaluations, reports of internal investigations or other documents

concerning the job performance of any person(s) hired by DIMA to perform the job duties and

responsibilities previously performed by Plaintiff John R. Layton prior to November 29, 2002.

Response No. 28

DIMA objects to Request No. 28 because disclosure of the information sought would

violate the privacy interests of its current and/or former employees under the Massachusetts

Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute,

Mass. Gen. Laws. Ch. 214 § 1B.  DIMA also objects to Request No. 28 to the extent it seeks

confidential business information, proprietary information and/or trade secrets.  DIMA further

objects to Request No. 28 on the grounds that the information sought is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.


ARGUMENT

Defendant's objections to Request No. 28 are without merit.  Defendant objects to

Request No. 28 partially on the basis that the disclosure of the information sought would violate

the privacy rights of its current and/or former employees under the Massachusetts Personnel File

Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen.

Laws. Ch. 214, § 1B.  These objections are not valid.  Mass. Gen. Laws. Ch. 149 § 52C requires

an employer to allow an employee to review his or her personnel file upon written request and

does not prohibit the disclosure of the requested information.  Similarly, Mass. Gen. Laws ch.

214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the

information that the Plaintiff seeks.  In addition, the parties have entered into a Protective Order

whereby the Plaintiff cannot disclose certain information provided during the course of discovery.

Plaintiff is seeking documents pertaining to performance evaluations of individuals who assumed Plaintiff's responsibilities. If Defendant hired any individuals to perform Plaintiff's job duties, this information is directly relevant to his discrimination claims. These documents are relevant to show that Defendant's reasons for terminating the Plaintiff, because of job elimination, were not in fact true. If additional people were hired, this information goes directly to whether Plaintiff's termination was economically motivated or not. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to Request No. 21 in compliance with the rules.

Request No. 31

Documents identifying the aggregate compensation received by each person who assumed or later undertook to perform all or any portion of Plaintiff John R. Layton's job duties and responsibilities following his termination of employment for the period running from November 29, 2002 to the present.

Response No. 31

DIMA objects to Request No.31 on the grounds that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. DIMA objects to Request No. 31 because disclosure of the information sought would violate the privacy interests of its current and/or former employees under the Massachusetts Personnel File Statute, Mass. Gen. Laws. Ch. 149 § 52C, and the Massachusetts Privacy Statute, Mass. Gen. Laws. Ch.

214 § 1B.  In addition, DIMA objects to Request No. 31  to the extent it seeks confidential

business information, proprietary information and/or trade secrets.

## ARGUMENT

Defendant's objections to Request No. 31 are without merit.  Defendant objects to

Request No. 31 partially on the basis that the disclosure of the information sought would violate

the privacy rights of its current and/or former employees under the Massachusetts Personnel File

Statute, Mass. Gen. Laws ch. 149, § 52C, and the Massachusetts Privacy Statute, Mass. Gen.

Laws. Ch. 214, § 1B.  These objections are not valid.  Mass. Gen. Laws. Ch. 149 § 52C requires

an employer to allow an employee to review his or her personnel file upon written request and

does not prohibit the disclosure of the requested information.  Similarly, Mass. Gen. Laws ch.

214 § 1B establishes a persons right to privacy but does not prevent the disclosure of the

information that the Plaintiff seeks.  In addition, the parties have entered into a Protective Order

whereby the Plaintiff cannot disclose certain information provided during the course of

discovery.

Plaintiff is seeking documents concerning the compensation received by each person who

assumed or undertook Plaintiff's job duties.  Information pertaining the compensation received

by those who took over Plaintiff's job duties is relevant to show that Defendant's reasons for

terminating the Plaintiff were not economically motivated, but were in fact related to Plaintiff's

age.  The objections should be overruled and the Defendant should be required by the Court to

serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this

motion, full, complete and responsive response to Request No. 31 in compliance with the rules.

Request No. 34

Documents identifying the ages of all employees referenced in Plaintiff's documents response, bearing bates numbers 1123-1187.

Response No. 34

DIMA objects to Request No. 34 on the grounds that it is overly broad in time and scope and is unduly burdensome. DIMA further objects to Request No. 34 to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## ARGUMENT

The documents identified by Plaintiff include the names of individual's who were terminated by the Defendant. Plaintiff seeks the ages of the individuals in order to determine whether employees over the age of 40 were targeted for layoff by the Defendant. Without the actual ages of the individuals who were terminated, it will be difficult for Plaintiff to show that Defendant had a pattern of discriminating against older workers in terminations.

The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to Request No. 34 in compliance with the rules.

## EXPERT DISCLOSURES

Plaintiff also seeks additional time within which to provide expert disclosures. Plaintiff wishes to retain an expert to testify as to the impact the Defendant's reduction in force had on workers over the age of 40 from April of 2002, when DIMA acquired Scudder, until the end of 2002. Plaintiff's experts require the information that is contained in the documents that are the

subject of this Motion to Compel. Without knowing the information as to how old the

individuals were who were terminated, Plaintiff's expert cannot form an opinion. Plaintiff

originally requested this information pertaining to the age of individual employees in October of

2004 and has not yet received it. In addition, Plaintiff's expert may likely require the

information obtained through depositions that Plaintiff's counsel currently has scheduled for

April and May. Plaintiff's counsel had scheduled various depositions for the week of March 28,

2005, however, these depositions have been continued because Defendant is producing

additional documents in response to Plaintiff's Request for Production of Documents. Therefore,

Plaintiff seeks to have the expert disclosure deadline extended up to and including six weeks

from the date of either the Court's denial of the pending Motion to Compel or, in the event that

the Court grants the pending Motion to Compel and orders further production of information and

documents, the date that the Defendant provides the further production.

> Respectfully submitted,
> The Plaintiff, By his attorneys,
>
> /s/ Nancie L. Edgren
> Denise L. Page, Esq.
> BBO No. 119415
> Nancie L. Edgren, Esq.
> BBO No. 648665
> BARRON & STADFELD, P.C.
> 100 Cambridge Street, Suite 1310
> Boston, Massachusetts 02114
> 617.723.9800
> and
>
> /s/ John K. Weir
> John K. Weir, Esq. Admitted Pro Hac Vice
> John K. Weir Law Offices
> 300 Park Avenue
> Suite 1700
> New York, New York, 10022
> 212-572-5374

Date: April 6, 2005
316964/file no. 21311-1

# EXHIBIT A

**CONFIDENTIAL**

## Rationale

████████████ – we have excess capacity in Boston. ██████ is the newest person in this location, she has a small book of business, and she doesn't instill client confidence in meetings. We will inform her now, but ask her to stay through the end of the year to assist in client transition. We will offer her a project bonus.

**Jake Layton** – again, we have excess capacity in Boston. Jake has lost more business than any other advisor, we have received several client complaints, we have an open lawsuit, and his biggest client came to Westy last week to ask for a new advisor. Jake's skills do not lie in the area of the closing the client and building the business. He does not exude a positive future outlook, and quite frankly doesn't really want to be here.

████████████ – we are changing our strategy in Florida. Through a forced ranking, we identified him as the PM to leave. He has been on warning, we have questioned his ethics, he has a poor attitude, he is a very volatile individual, we believe we have the least client risk, and he has the smallest book of business in the office.

██████████ – his position is being eliminated. We are flattening the investment organization and his position will not be replaced. This will improve communications within the PM area.

████████████ – She has the smallest book of business, in fact it is smaller than anyone else on Ben or Katie's teams, and she is the newest in the group.

████████████ – position elimination, as we are eliminating all specialty asset class PMs in the equity area. It is a luxury during nice times that we cannot afford today. There is one other specialty asset class PM –████████– he has been offered an opportunity in DeAM. He currently manages████ We need a more senior level individual that can construct model portfolios. Currently████ is the decision maker and████ is the implementer.

████████████ – change of strategy in the Connecticut office, close the office and the legal entity. ████████ is not technically strong, he doesn't present well to clients, his performance has been addressed by Steve Doty (check files) and████████performance has been stronger. We have recently received a complaint from Mc Sweeney (client) asking that he be removed from the account.

████████████ – ████████currently manages the accounts that invested solely in our collective investment funds – trust equivalent of mutual funds – we are moving toward the implementation of an asset allocation model. We are creating a small Structured Portfolio Management group, leveraging the management expertise in GPM, for all accounts under 2 million. These accounts will be managed in a model portfolio. This will not require stock picking, but it will require updating clients on the status of the stock/companies in the portfolio. The Collective Investment Funds will merge into the Structured Portfolio Management Group, managed by████████and the person who will replace████is ████████. ████████manages the portfolios that that German team brought in – she is managing to a model that is similarly structured to what we envision the model in this group to be, which is experience that████does not have – both started at the bank at the same time. ████████ is really not a PM, she runs the process. She has a psychology background and made a mid life career change. ████████will continue to mange her existing book under the model portfolio, take on████ book, and pick up the accounts that are being transitioned as a result of the downsizing. ████████has more of an equity, banking, analyst background than████████does.

## REDACTED

DIMA 00229

**CONFIDENTIAL**

███████████ – general reductions – ████ was compared to ████████ and ██████████ – They started as PAs and were promoted to PMs 6-9 year range – these are the only people in this category that are full PMs, ████ was the one that was promoted most recently, although ████ has the smallest book, ████ has not yet developed a strong relationship with the RMs and hasn't taken as active a role in the development of new business. Additionally, ██████ is a VP and has his MBA and ████ has his CFA, ████ has not yet completed the CFA, but he is working on it.

**REDACTED**