UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10500-EFH

JOHN R. LAYTON )
    Plaintiff, )
)
v. )
)
DEUTSCHE INVESTMENT )
MAMAGEMENT AMERICAS, INC., )
    Defendants )

**PLAINTIFF'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINES**

Plaintiff hereby requests additional time within which to disclose potential expert witnesses. As grounds for this request, Plaintiff provides the following information.

1. The initial expert disclosure deadline was December 1, 2004.

2. The initial expert disclosure deadline was extended per agreement of the parties up to and including March 7, 2005.

3. On April 6, 2005, Plaintiff filed a Motion to Compel additional documents that were not produced by Defendant. Included in the Motion to Compel, Plaintiff sought an additional six weeks from the date of the Court's decision within which to provide initial expert disclosures, anticipating that additional documents would be produced which the expert would need to review.

4. Although the Court denied Plaintiff's Motion to Compel, thereby essentially denying Plaintiff's request for additional time within which to disclose experts, Defendant did in fact produce extensive additional documents which resulted in

the delay of the depositions of G. West Saltonstall and David Denaro that were scheduled to take place in March of 2005.

5. The parties have now filed a motion for an additional extension of discovery deadlines up to and including July 15, 2005.

6. As part of the discovery, Plaintiff is requesting additional documents from Defendant that are narrower in scope than those requested in Plaintiff's Motion to Compel. Specifically, Plaintiff is requesting additional documents pertaining to the layoffs with regard to the "decisional unit" for Plaintiff's layoff, as defined by the Defendant as the Investment Advisory in attached Exhibit A.

7. Plaintiff's expert requires these documents in order to properly analyze the discriminatory animus behind Plaintiff's termination as well as the disparate impact Defendant's layoffs had on older workers.

8. G. West Saltonstall and David Denaro were deposed on June 1, 2005 and June 2, 2005 respectively.

9. There are currently three depositions scheduled for the week of June 13, 2005. Plaintiff anticipates that there will be additional information gathered during the depositions that the expert will be required to review.

10. Plaintiff anticipates that he will be able to disclose all potential experts within thirty days following the close of discovery which is currently July 15, 2005.

Wherefore, Plaintiff hereby respectfully requests the following extension for expert disclosure:

### A. PLAINTIFF'S PROPOSED EXTENSION OF EXPERT DISCLOSURE

1.  Initial Disclosures

    Plaintiff shall make the initial disclosures of any expert materials required by Fed.R.Civ.P. 26(A)(2) by August 15, 2005. Defendant shall then have 30 days to make the initial disclosures of any expert materials required by Fed.R.Civ.P. 26(A)(2), on or before September 15, 2005. The parties may make rebuttal expert disclosures by October 1, 2005.

2.  Discovery Concerning Expert Witnesses.

    Discovery concerning expert witnesses, pursuant to Fed.R.Civ.P. 26(b)(4), including interrogatories and depositions, shall be completed by November 1, 2005. No further discovery concerning expert witnesses may be had without either the agreement of the applicable party(ies) or by leave of court.

Respectfully submitted,
The Plaintiff,
By his attorneys,

/s/ Nancie L. Edgren
Denise L. Page, Esq.
BBO No. 119415
Nancie L. Edgren, Esq.
BBO No. 648665
BARRON & STADFELD, P.C.
Cambridge Street, Suite 1310
Boston, Massachusetts 02114
617.723.9800

and

/s/John. K. Weir
John K. Weir, Esq. Admitted Pro Hac Vice
John K. Weir Law Offices
300 Park Avenue
Suite 1700
New York, New York, 10022
212-572-5374

Date: June10, 2005

CERTIFICATE OF SERVICE

     I hereby certify that on June 10, 2005, I caused a true and accurate copy of the above document to be served by first class mail upon Attorneys David S. Rubin, Daniel J. Blake, Heather C. Krauss, at Foley & Lardner, LLP, 111 Huntington, Avenue, Boston, Massachusetts, 02199.

                                                  /s/ Nancie L. Edgren

312947/file no. 21311-1