UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. LAYTON,<br><br>    *Plaintiff*,<br><br>v.<br><br>DEUTSCHE INVESTMENT MANAGEMENT<br>AMERICAS, INC.<br><br>    *Defendant*. | CIVIL ACTION<br>NO. 04-10500-EFH |

## DEFENDANT'S MOTION TO STRIKE
## AFFIDAVIT OF DAVID R. O'HARA AND ITS ATTACHED EXHIBIT 1

Defendant Deutsche Investment Management Americas Inc. ("DIMA") hereby moves to strike the Affidavit of David R. O'Hara ("O'Hara Affidavit") and its attached Exhibit 1, which were filed in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opposition"). As explained in further detail below, the grounds for this Motion are that (1) Exhibit 1 was stolen from DIMA by O'Hara; and, (2) the O'Hara Affidavit and Exhibit 1 are inadmissible and otherwise fail to meet the criteria set forth in Fed. R. Civ. P. 56(e).

The O'Hara Affidavit identifies a sixty-four page document produced by Plaintiff during discovery, and which is attached to the Affidavit as Exhibit 1. This document consists of a list with three columns – the first column lists names of individuals, the second column lists a date ranging from June 2 – December 31, 2002, and the third column contains the word "Scudder" after certain individuals. According to the O'Hara Affidavit, Exhibit 1 identifies the termination dates of DIMA employees who had been employed by Zurich Scudder Investments, Inc. prior to its acquisition on April 8, 2002. (See O'Hara Aff. at ¶¶ 3, 4, 6.)

O'Hara effectively admits in his Affidavit that he stole Exhibit 1 from DIMA and gave it to Plaintiff without any permission or authority to do. O'Hara states in his Affidavit that his employment with DIMA ended on June 30, 2003 and that he provided Exhibit 1 to Plaintiff *after* his termination, in July 2003. (O'Hara Aff. at ¶¶ 2, 4.) O'Hara was not authorized to disclose confidential information about employee terminations to third parties while he was a DIMA employee, and he certainly lacked any authority to do so after his employment with DIMA ended. Consequently, Plaintiff is knowingly in receipt of stolen property and should not be permitted to convert this confidential information for his own benefit and use. See generally Mass. Gen. Laws ch. 93, § 42; Baystate Technologies, Inc., 946 F.Supp. 1079 (D.Mass. 1996); Data General Corp. v. Grumman Sys. Support Corp., 795 F.Supp. 501 (D.Mass. 1992), aff'd 36 F.3d 1147 (1994); Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., Inc., 381 Mass. 1 (1980); Jet Spray Cooler, Inc. v. Crampton, 361 MASS. 835 (1972).

The O'Hara Affidavit and Exhibit 1 are further inadmissible because they contain hearsay, and Exhibit 1 is improperly authenticated by O'Hara. There is no showing that O'Hara has personal knowledge that the individuals listed on Exhibit 1 ended their employment with DIMA. Such information was conveyed to him from someone else within DIMA who did have personal knowledge, making O'Hara's statements to that effect and Exhibit 1 inadmissible hearsay. In addition, the timing and the circumstances of O'Hara's disclosure of Exhibit 1 to Plaintiff make him incompetent to testify as to its contents.

In addition, Exhibit 1 is inadmissible because it lacks foundation and is irrelevant. There is no title or other heading to Exhibit 1, and nothing on the document itself or in the O'Hara Affidavit explains how Exhibit 1 was authored or created. Furthermore, there is no distinction as to which individuals on the document left DIMA voluntarily or involuntarily, or as to which

2

individuals were terminated for cause or as part of a reduction in force. Exhibit 1 also fails to indicate which Division of DIMA these individuals worked in, or what their ages are. Thus, the individuals listed on Exhibit 1 may have departed from DIMA for a variety of reasons that are irrelevant to Plaintiff's claims of age discrimination in connection with the reduction in force that occurred in the Investment Advisory Division on November 19, 2002. Because Exhibit 1 is wholly lacking in foundation and is irrelevant, it is inadmissible and should not be considered by the Court.

WHEREFORE, Deutsche Investment Management Americas Inc. respectfully requests that the Court allow this Motion and that the Affidavit of David R. O'Hara and its attached Exhibit 1 be stricken from the record for this Court's deliberations on Defendant's Motion for Summary Judgment.

                    Respectfully submitted,

                    DEUTSCHE INVESTMENT MANAGEMENT
                    AMERICAS INC.,

                    By its attorneys,

                    /s/: Heather C. Krauss
                    David S. Rubin, BBO # 546213
                    Heather C. Krauss, BBO # 644457
                    FOLEY & LARDNER LLP
                    111 Huntington Avenue
                    Boston, MA 02199

Dated: March 7, 2006          (617) 342-4000
                    hkrauss@foley.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    /s/: Heather C. Krauss
                    Heather C. Krauss

BOST_196049.1

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to LR 7.1, I hereby certify that counsel for Defendant and counsel for Plaintiff conferred by telephone on March 7, 2006 in a good faith attempt in good faith to resolve or narrow the issues raised in this Motion to Strike Affidavit of David R. O'Hara. Unfortunately, the parties were unable to resolve these issues.

Dated: March 7, 2006

/s/: Heather C. Krauss
Heather C. Krauss