UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John R. Layton, ) | BBO No. 351000 |
| ) | |
| Plaintiff, ) | Memorandum of Plaintiff Layton, in Support |
| ) | of his Motion |
| v. ) | to Amend his Complaint |
| ) | |
| Deutsche Investment Management Americas, Inc., ) | |
| ) | |
| Defendant. ) | |

Layton submits this memorandum of law in support of his motion to amend the complaint.

1.  Argument.

1.1 Leave to amend should be liberally granted.

Fed. R. Civ. P. 15(a) states that, even when a party may not amend a pleading as a matter of course, leave to amend "shall be freely given when justice so requires." Rule 15 sets forth a very liberal standard for the granting of motions to amend.

Applying this standard, the United States Court of Appeals for the First Circuit has stated that,

> Absent factors such as undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, or "futility of amendment," the leave [to amend] should be granted.

Executive Leasing Corporation v. Banco Popular De Puerto Rico, 48 F.3d 66, 71 (1st Cir. 1995); Quaker State Oil Refining Corp. v. Garrity Oil Company, Inc., 884 F.2d 1510 1517-18 (1st Cir. 1989); Colmenares Vivas v. Sun Alliance Insurance Co., 807 F.2d 1102, 1108 (1st Cir. 1986).

1.2 The Court should grant Layton's Motion for Leave to File an Amended Complaint because the amendment is sought in good faith and for a valid purpose, Layton is not guilty of any undue delay, and the amendment will not cause DIMA to suffer any prejudice.

Layton's motion to amend his complaint should be granted because none of the circumstances which would justify denial of the motion exist. The amendment serves the valid purpose of conforming Layton's common law claims to the facts as developed during discovery.

In addition, there has been no undue delay. The proposed changes in the common law claims will not have any impact on discovery because Layton has already completed discovery with respect to those claims. DIMA should need no additional discovery, having already deposed Layton concerning his 2002 compensation, and the circumstances associated with Layton's termination, including the Layton-Grohowski communications which gave rise to the implied agreement on which Layton bases his breach of contract and misrepresentation claims. Of course, Layton would not object to a reopening of discovery on these claims if DIMA requires further discovery from Layton.

In connection with his opposition to DIMA's motion for summary judgment, Layton has sought additional discovery pursuant to Rule 56(f) on his disparate treatment and on his potential disparate impact discrimination claims. If that relief is granted, it would cause no further delay to allow whatever discovery, if any, DIMA seeks relative to the amended common law counts. In addition, while Layton recognizes that various discovery milestones have passed, granting the proposed amendment will not adversely impact the schedule of this case. The court has not yet ruled on the pending motion for summary judgment, nor is trial imminent.

Even if the Plaintiff were guilty of undue delay, federal courts interpreting Rule 15(a), including the United States Court of Appeals for the First Circuit, have held that delay, by itself, does not justify denial of an otherwise meritorious motion to amend. In Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1517-18 (1st Cir. 1989) the United States Court of Appeals for the First Circuit stated,

> Unseemly delay, in combination with other factors, may warrant denial of the suggested amendment....A party's belated attempt to revise its pleadings requires that a court examine the totality of circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations.

2

(Emphasis added.) See also, Riley v. Taylor, 62 F.3d 86, 91 (3rd Cir. 1995) (six month delay "standing alone, `is an insufficient ground upon which to deny a motion to amend'"); Coventry v. United States Steel Corp., 856 F.2d 514, 520 (3rd Cir. 1988); Cornell & Co. v. Occupational Safety & Health Review Commission, 573 F.2d 820, 823 (3rd Cir. 1978); Mercantile Trust Co. National Association v. Inland Marine Products Corp., 542 F.2d 1010, 1012 (8th Cir. 1976). See Manzoli v. C.I.R., 904 F.2d 101, 107 (1st Cir. 1990).[1]

Ultimately, undue prejudice to the opposing party is the most important factor in determining whether to allow a motion to amend. Here, DIMA will suffer no conceivable undue prejudice. While DIMA may argue that the proposed amendment adds common law claims based on new theories, the fact is that the amended claims for breach of the covenant of good faith and fair dealing, breach of contract, and fraudulent and negligent misrepresentation all are based on facts and circumstances well known to DIMA from the outset of this case. It can hardly claim to be surprised or prejudiced by claims based on its failure to pay Layton his 2002 bonus, or on alleged promises made by its officer, Grohowski, to Layton. Also relevant is the fact that Layton is not seeking to amend on the eve of trial. There is ample time for DIMA to make whatever changes it deems necessary in its trial strategy. Finally, the equities of this case favor allowing Layton's motion to amend. As set forth more fully in Layton's Response to DIMA's reply to Layton's opposition to the motion for summary judgment, it is DIMA that has slowed the progress of this case by continually resisting Layton's reasonable and proper efforts to obtain discovery. DIMA should not now claim to be prejudiced by any delay.

2. Conclusion.

---

[1] But see Acosta-Mestre v. Hilton International of Puerto Rico, Inc, 156 F.3d 49, 1998 WL 514107, *2 (1st Cir. 1998)(although stating that "undue delay" is sufficient to justify denial of motion to amend, the court made no reference to Quaker State or the other cases cited above. Further, the Acosta-Mestre Court stressed that the defendant would have suffered prejudice as the amendment would have added a new defendant and required a reopening of discovery, the postponement of trial, and a major change in defendant's trial strategy). Indeed, whether a delay is "undue" depends on whether the opposing party is prejudiced. See Pacamor Bearings, Inc. v. Minebea Co., Ltd, 892 F. Supp. 347, 353 (D.N.H. 1995)("Concomitant to the court's consideration of whether plaintiffs' delay was undue or something less is consideration of whether defendants will be prejudiced in any way ...").

For all of the foregoing reasons, the court should grant Layton's motion to amend the complaint.

Request for Hearing and Oral Argument.

Layton requests a hearing and oral argument on its motion to amend the complaint.

JOHN R. LAYTON, plaintiff,

By his attorneys,

BARRON & STADFELD, P.C.

/s/ Kevin F. Moloney
Kevin F. Moloney     BBO No. 351000
Roger T. Manwaring  BBO No. 548614
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
Tel.: 617.531.6569

and
/s/ John K. Weir
John K. Weir, admitted PHV
John K. Weir Law Offices, LLC
300 Park Avenue, Suite 1700
New York, New York 10022
Tel.: 212.572.6374

Dated: March 21, 2006.

Certificate of Service.

This document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kevin F. Moloney

Dated: March 21, 2006.

[_____.1]