# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOHN R. LAYTON,
        Plaintiff

        v.

DEUTSCHE INVESTMENT MANAGE-
MENT AMERICAS, INC.,
        Defendant.

CIVIL ACTION NO.:
04-10500-EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

May 11, 2006

HARRINGTON, S.D.J.

### INTRODUCTION

This matter is before the Court on the Motion for Summary Judgment of Defendant Deutsche Investment Management Americas, Inc. ("DIMA"), as to the claims of Plaintiff John R. Layton ("Layton").[1]  Count one of plaintiff's Complaint alleges a violation of the Age Discrimination in Employment Act ("AEDA"), 29 U.S.C. § 623 *et seq*.  Count two alleges breach of an implied covenant of good faith and fair dealing, count three breach of contract, and count four fraudulent and negligent misrepresentation.  For the reasons discussed briefly below, defendant's Motion for Summary Judgment is granted in part.  Defendant's motion is denied on plaintiff's count one under the AEDA, but granted with respect to counts two, three, and four.

---

[1] In connection with his response to defendant's Motion for Summary Judgment, plaintiff requested additional discovery pursuant to Fed. R. Civ. P. 56(f).  That request is denied.

## DISCUSSION

A motion for summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendant has not met this standard with respect to count one, and plaintiff's AEDA claim must therefore proceed to trial. The same cannot said, however, for plaintiff's counts two, three, and four.

According to plaintiff's Complaint,[2] counts two through four are based on a letter agreement that defendant offered plaintiff on or about November 19, 2002. (See Pl.'s Compl. at ¶¶ 39, 46, 52). That letter agreement contained a severance package proposal under which Layton would receive $244,014.00, contingent upon (1) release of his legal claims against DIMA, and (2) his agreement to refrain from soliciting DIMA employees or clients for one year following his termination. Plaintiff alleges that he signed and accepted defendant's offer, but never received payment. Defendant argues that no acceptance occurred because Layton crossed out pertinent terms in the agreement and signed it only "as amended." To create an enforceable contract, an acceptance must conform to the terms of the offer. Bank of United States v. Thomson & Kelly Co., 290 Mass. 224, 228 (1935). If the offeree's acceptance substantially changes the terms of the original offer, it is a counteroffer and cannot create a binding agreement. Id. Here, Layton does not dispute that he crossed out the non-solicitation provisions of the letter agreement and

---

[2] Plaintiff has advanced new theories of recovery -- theories not included in his Complaint -- in his response to defendant's Motion for Summary Judgment. These arguments need not be considered by this Court because "[i]t is well-settled that plaintiffs are generally not permitted to raise brand new theories of their case in opposition to a motion for summary judgment." United States v. Mountzoures, 376 F. Supp. 2d 13, 19 (D. Mass. 2005) (citation omitted).

signed it "as amended." (See Resp. of Pl. to Def.'s Statement of Undisputed Facts (Docket No. 43) at ¶ 39). An amendment of this magnitude clearly evinces a substantial change to defendant's original offer, and precludes formation of an enforceable agreement.[3] Without an enforceable agreement, counts two, three, and four fail as a matter of law.

## CONCLUSION

Defendant's Motion for Summary Judgment is hereby granted with respect to counts two, three, and four of plaintiff's Complaint. Defendant's motion is denied with respect to count one, and a trial date will be set by Order of this Court for January 16, 2007.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[3] Recognizing this, plaintiff has recently offered to withdraw counts two through four conditioned upon permission from this Court to amend his original Complaint. (See Pl.'s Resp. Mem. (Docket No. 56) at 16). This Court has already denied plaintiff's separate Motion to Amend, however, and that ruling will remain undisturbed. (See Order Denying Pl.'s Motion to Amend Complaint Apr. 6, 2006).